IRENE DALEY v. H. J. NILSON.
JACK F. McKECHNIE v. SAME.[1]

February 10, 1939.

Nos. 31,958, 31,959.

*Schmitt, Johnson & Farrish,* for appellant.
*Wilson & Blethen,* for respondents.

STONE, JUSTICE.

In these two cases, tried together, the verdicts were for plaintiffs. Defendant appeals from the orders denying his motions in the alternative for judgment notwithstanding or a new trial.

The cases arise from a perfectly conventional collision between automobiles at a street intersection in Mankato. Plaintiff Irene

[1] Reported in 283 N. W. 757.

Daley was a passenger in a car driven by her son, Charles Daley, but owned by plaintiff McKechnie.

On the merits it is enough to say that the evidence supports the conclusion of the jury, implicit in the verdicts, that defendant's negligence was the proximate cause of the collision, and that no negligence of Charles Daley contributed substantially thereto. To go further into the facts would serve no useful purpose.

The verdict for McKechnie, assessing the damages to his car at $150, is not questioned as to amount. There is earnest contention for defendant that there should be a new trial of Mrs. Daley's case because of excessiveness of the verdict. Therein we cannot agree. The record does not bear out the argument that the award of $5,000 to Mrs. Daley arises from passion or prejudice rather than from fair consideration.

Plaintiff is a widow, 43 years of age, with a creditable record of economic independence and capacity to support herself and two children through her own efforts. The force of the collision threw her from the car on to hard ground or a concrete curb. She was rendered unconscious. The most serious result for her consisted of four pelvic fractures, with serious involvement of much of the pelvic region. If more be needed of justification for the $5,000 verdict for Mrs. Daley, it is found in the medical testimony describing the injury, its serious complications, and history. The amount of the verdict does not even suggest the substitution by the jury of passion and prejudice for judgment.

Orders affirmed.

MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.